UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GENERAL ELECTRIC HEALTHCARE
FINANCIAL SERVICES, INC.,

    Plaintiff,

vs                                                         Case No: 03-70058
                                                         Honorable Victoria A. Roberts

AMERICAN FUNDING GROUP, INC., AND
IMPERIAL VALLEY CANCER CENTER
MEDICAL CLINIC, INC., AND RONALD SCOTT, ET AL

    Defendant.

AND

IMPERIAL VALLEY CANCER CENTER
MEDICAL CLINIC,

    Counter-Plaintiff

vs

GENERAL ELECTRIC HEALTHCARE
FINANCIAL SERVICES, INC.,

    Counter-Defendant.

vs

AMERICAN FUNDING GROUP, INC.,

    Cross-Defendant,

and

IMPERIAL VALLEY CANCER CENTER
MEDICAL CLINIC, INC. and DR. RONALD SCOTT,

    Third Party Plaintiff,

vs

WILLIAM GRUITS,

    Third Party Defendant.
_____/

## ORDER DENYING MOTION FOR ATTORNEYS' FEES

**I.    INTRODUCTION**

This matter is before the Court on Plaintiff's Motion for an award of attorneys' fees in connection with the joint motion to enforce the settlement agreement against Defendants American Funding Group, Inc., and William Gruits. For the following reasons, the Court **DENIES** Plaintiff's Motion.

**II.    BACKGROUND**

This action arises out of the breach of a lease agreement for medical equipment. Plaintiff filed a Complaint on January 6, 2003. Cross-claims and counter-claims were subsequently filed by various Defendants. Eventually, the parties reached a settlement, placed on the record on July 20, 2005.

Initial payments under the settlement agreement were required to be made by August 19, 2005, regardless of whether a written agreement was executed. Defendants American Funding Group, Inc. and William Gruits ("Defendants") failed to make timely payment.

On August 22, 2005, Plaintiff's counsel, Jonathan Borg ("Borg"), contacted Defendants' counsel, Edward Gudeman ("Gudeman") by phone to inquire about payment. He left a message. Borg called again on August 24, 2005, and left another message, he also sent a letter via facsimile informing Defendants that they had until

August 26, 2005 to remit payment.  Borg claims he did not receive a response to any of his messages or correspondence.

Gudeman claims he was out of his office during part of the time Borg attempted to contact him in order to tend to his wife who was ill.  Gudeman claims he returned Borg's call on August 26, 2005.  He left a message with a woman he assumed to be Borg's assistant.  Gudeman denies that he received the facsimile letter.  Additionally, Gudeman claims Borg sent an email attaching a proposed written settlement agreement on September 9, 2005, but the email did not mention the outstanding settlement payment.  Gudeman contends his clients had financial difficulties and did not have sufficient funds to make the settlement payment on the due date.

On October 14, 2005, Borg filed a joint motion to enforce the settlement agreement on behalf of GE Healthcare Financial Services and Imperial Valley Cancer Center.  The motion was partially granted on October 21, 2005 following a telephone conference.  An Order was entered on October 25, 2005.  Subsequently, Defendants complied with the terms of the settlement agreement.  The body of the motion requested attorneys' fees and costs, but the Court instructed counsel to file a separate motion.

On February 8, 2006, Plaintiff filed a motion for attorneys' fees incurred in bringing the joint motion to enforce the settlement agreement.  He seeks an award against Defendants and Gudeman.  Plaintiff seeks approximately $4,574.70.

### III.   APPLICABLE LAW AND ANALYSIS

There are two basis for awarding attorney's fees in these circumstances.  Plaintiff does not specify on what authority it seeks attorneys' fees.  An award of attorney's fees

under both the Court's inherent powers and under 28 USC §1927 are within the sound discretion of the Court. *Jones v. Continental Corporation*, 789 F.2d 1225, 1229 (6th Cir. 1986).

### A. Inherent Powers

A district court may award attorney's fees against counsel or a party under its inherent powers upon a finding that an attorney "willfully abused judicial processes" by conduct "tantamount to bad faith." *Jones*, 789 F.2d at 1229 (*citing Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764-766 (1980).

The Plaintiff does not direct the Court to any authority that delayed payment of settlement obligations alone constitutes bad faith. Defendants contend they were unable to make the payment at the time it was due. While Defendants could have contacted Plaintiff to make late payment arrangements, the Court finds that failure to do so is not enough to constitute bad faith.

Similarly, there is no authority that counsel's failure to be more aggressive in returning messages constitutes bad faith. Borg claims he left two phone messages and faxed one letter; Gudeman claims he returned Borg's call a few days later, and left a message. Apparently neither attorney pursued it any further until the filing of a motion to enforce the settlement agreement. This is insufficient to find Gudeman acted in bad faith.

Given that Plaintiff has not presented evidence that Defendants and Gudeman acted with bad faith in delaying payment of Defendants' settlement obligations, the Court declines to award attorney's fees under its inherent powers.

### B. 28 USC §1927

There is an alternate standard by which the Court could, in its discretion, award attorney's fees.

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 USC §1927.

Under §1927, the Court may award attorney's fees against an attorney only. It does not give the Court authority to award attorney's fees against a party. Therefore, the actions of Defendants are not to be considered by the Court in determining if attorney's fees should be awarded under §1927.

The standard for awarding fees under §1927 is less stringent than under the Court's inherent powers because a finding of bad faith is not necessary. *Jones*, 789 F.2d at 1230. Fees may be awarded "when an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct litigation of nonfrivolous claims, a trial court does not err by assessing fees attributable to such actions against the attorney." *Id*.

The delay in the settlement payment to Plaintiff cannot be attributed to Gudeman. His clients were aware that the money was owed, and Plaintiff presents no reason why their inability to come up with the funds should be held against Gudeman. Therefore, there is no unreasonable or vexatious multiplication of the proceedings caused by Gudeman.

The Court decline to award attorney's fees under 28 USC §1927 as well.

## IV.  CONCLUSION

Plaintiff's Motion for an award of attorneys' fees in connection with the joint motion to enforce the settlement agreement against Defendants American Funding Group, Inc., and William Gruits, is **DENIED**.

**IT IS SO ORDERED.**

**S/Victoria A. Roberts**
**Victoria A. Roberts**
**United States District Judge**

**Dated:  March 7, 2006**

> **The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on March 7, 2006.**
>
> **s/Carol A. Pinegar**
> **Deputy Clerk**